The PEOPLE of the STATE of CALIFORNIA, Ex Rel. D. W. PURLEY, District Attorney.

Where the allegations in the body of the presentment do not sustain the charge, and where the facts as detailed do not lead to the inference assumed, and it is not laid that the defendant acted wilfully and corruptly, it cannot be sustained.

Defendant (a Judge of the Court of Sessions) was charged with receiving money as a bribe, not to forfeit a recognizance; there was no allegation that there was any proceeding commenced upon the recognizance, nor that any was to be commenced : and the Statute against bribery confines the offence to acting "more favourable to one side than another in any suit, matter or cause, pending or brought before him;" neither charge was sufficiently set out to warrant a conviction.

The Statute must be construed strictly.

APPEAL from the District Court of the Fifth Judicial District, Joaquin County.

On the 27th November, 1850, the District Attorney filed his presentment in accordance with the Statute, &c., against defendant acting as a Justice of the Peace in the town of Stockton, Joaquin County, and late one of the Judges of the Court of Sessions in and for said county, charging defendant with wilful and corrupt misconduct in his official capacity, both as a Justice of the Peace and as a Judge of said court.

Charge 1st. That about the 1st June, 1850, a negro, of the name of Hall, was arrested and brought before defendant acting as a Justice of the Peace, on a charge of larceny; who, after hearing testimony, ordered the said Hall to be committed, or to

give bail in $500, to appear and answer said charge before the Court of Sessions; that Hall gave the required bail, which the Justice approved; and then refused to discharge the prisoner until the sum of $100 was deposited with him; which sum was deposited by George Miller, one of the bail, with the said Justice, who kept and retained the same in his hands until the present time; although the Court of Sessions dismissed the proceedings against Hall, and although the recognizance of the bail was never forfeited; that the said Justice, in taking the said money, has committed an offence against the public justice, and is guilty of fraud,—taking illegal fees of office and extortion.

2d. That said defendant was at the time of the arrest of Hall, and when he was required to appear at the Court of Sessions on the second Monday in August, 1850, a Judge of said Court, and bound by oath to discharge his duties as such; and was bound to have the prisoner tried for the offence; or in the event of his failing to appear and answer, to have had the recognizance of his bail forfeited; that the said Hall did appear and answer; and the said defendant consented that the whole proceedings against him should be dismissed without investigation, and that the recognizance should not be forfeited; and for doing this, and getting the said bail clear from said recognizance, the said defendant bargained with George Miller, one of the said bail, to pay to him, the said defendant, $150, which defendant agreed to take and Miller to give; and defendant actually received from said Miller part of the sum so agreed on, to wit, $100.   And it is charged, that in doing so, defendant committed an offence against public justice, and is guilty of violating his oath of office as a Judge of the Court of Sessions, and is guilty of bribery and corruption as a Judge of the said Court; that he is guilty of wilfully taking off,—of cancelling and discharging for money, a recognizance, which he was bound to have forfeited.

Affidavit to the truth of the charges by D. W. Purley.

The cause was tried by a jury, and defendant found guilty. He moved for a new trial, which was refused; and he appealed to this Court.

The decision of this Court is based upon the insufficiency of

the allegations as charged; and no further report of the case is deemed necessary than the foregoing exhibition of them.

The opinion of the Court was delivered by HEYDENFELDT, Justice; ANDERSON, Justice, dissenting.

HEYDENFELDT, Justice,—

The appellant was tried for malfeasance in office as a justice of the peace upon two charges.

The first is said to be for illegal fees in a note at the foot of it; but in the body of the presentment it is not alleged, that the defendant took illegal fees, nor do the facts as detailed in the charge lead to the inference, that the deposit he required was for fees; nor is it said that he acted wilfully and corruptly, as the terms of the statute would require.

The second charge is, that he received money as a bribe not to forfeit a recognisance. There is no allegation, that there was any proceeding commenced upon the recognisance, or that any was to be commenced; and the statute against bribery confines the offence to acting "more favourable to one side than the other in any suit, matter or cause depending, or to be brought before him." The statute must be construed strictly—neither charge was sufficient as set out, to warrant the action of the Court.

The judgment is reversed.

ANDERSON, Justice—

In this case the appellant was accused of wilful and corrupt misconduct in his official capacity as a justice of the peace, and as a judge of the Court of Sessions.

At the December term of the District Court for the county of San Joaquin, he was tried by a jury of twelve men, and found guilty.

The statute of the 20th of April, 1850, under title the second, part third, provides for the removal of civil officers otherwise than by impeachment; the words of the 73d section are,

"An accusation in writing against any county or township officer, for wilful and corrupt misconduct in office, may be presented to the Judge of the District Court of the district within

which is the county, or for which the officer accused is elected or appointed."

The 74th section provides, that the accusation shall state the ‥ence charged in ordinary and concise language, and in such ‥anner as to make a person of common understanding to know what is intended, and shall be verified by the oath of the person making the same, &c., &c. The remaining sections refer to the preparatory proceedings in the case, and the final action of the Court.

The second shows that the appellant was accused of wilful and corrupt misconduct in *hæc verba*, in his official capacity as a justice of the peace, &c., &c., and so far conforms strictly to the statute. The charges are specifically stated as required by the 74th section, and all the subsequent proceedings were had conformably to the terms of the law. The evidence sustains the charges, and the trial and judgment in the court below were in compliance with the statute strictly construed. I can see no ground for reversing the decision.

My opinion is, that the judgment of the Court below should be affirmed with costs.