## WADE JACKSON v. THE STATE.

1. OFFERING TO BRIBE WITNESS—EVIDENCE.—When an offer to bribe a witness with money is shown on the trial of one charged under Paschal's Dig., art. 1934, it is not necessary to a conviction that the State should prove that the money was either actually tendered or produced.

2. SAME.—To sustain a conviction for offering to bribe a witness it is not necessary for the indictment to allege that an indictment had been found for the criminal charge about which it was expected the witness might testify, or that a subpœna or other process had issued for the witness.

3. INDICTMENT.—See indictment held sufficient for offering to bribe a witness.

APPEAL from Caldwell. Tried below before the Hon. John P. White.

*Nix & Storey*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendant, Wade Jackson, was indicted and convicted on the 22d of September, 1874, in the District Court of Caldwell county, for offering a bribe to Daniel Granger, a witness in the case of the State of Texas against Charles Jackson.

Seven assignments of error embrace the four bills of exceptions taken during the progress of the cause, and other questions presented on behalf of appellant as grounds for a reversal of the judgment.

The first bill of exceptions refers to the refusal of the district judge to set aside the indictment on defendant's motion, "1st. Because said indictment does not charge the defendant with the commission of any offense known to the laws of this State. 2d. Because the pretended offense is not set forth in plain and intelligible words. 3d. Because the article alleged to have been offered as a bribe is not set forth in plain and intelligible words."

The indictment was found upon article 310 of the Penal Code, (Paschal's Dig., art. 1934,) which declares it to be an offense "if any person shall offer to bribe any witness in any case, either civil or criminal, to disobey a subpœna or other legal process, or avoid the service of the same by secreting himself, or by any other means." It charged defendant, on the 3d day of July, 1874, with having unlawfully, willfully, and feloniously offered to bribe a witness, Daniel Granger, who was then and there a material witness in a cause, namely, The State of Texas against Charles Jackson, charged on the 2d day of July, 1874, before Edgar H. Rogan, a justice of the peace for the county of Caldwell, the charge being The State of Texas against said Charles Jackson for an aggravated assault on said Daniel Granger; that Jackson was held by said Rogan, as justice of the peace, to appear at the September term, 1874, of the District Court of Caldwell county, to answer the said charge of aggravated assault; that defendant offered to give said Daniel Granger, who was a material and important witness for the State in said case, twenty-five dollars in money if he, Granger, would leave the county, and keep out of the way, and not appear at said term of the District Court against said Jackson, the said defendant intending thereby to bribe said Granger to avoid the process of the said District Court when the same should be issued requiring him to appear as a witness in said cause; that the precise words used by defendant in offering said bribe are to the jurors unknown, but that the words then and there used were in substance as stated in the indictment, &c.

In these statements or charges in the indictment we have all the elements of the offense as declared in the law set forth in plain and intelligible words.

The second bill of exceptions is to overruling the appellant's exceptions to the introduction in evidence of the indictment and proceedings had in the District Court in the cause of the State of Texas against Charles Jackson,

"because the indictment in this case charged defendant with an attempt to bribe Daniel Granger, a witness in a cause wherein Jackson was charged with an aggravated assault and battery, and the proceedings read to the jury showed the case to have been one where Jackson was charged and convicted of an assault with intent to kill." The offense for which Charles Jackson was held by the justice of the peace to appear and answer was embraced in the offense for which he was afterwards indicted in the District Court.

It is not of the slightest importance in this case that Charles Jackson was held to answer for aggravated assault and battery, and on the same charge was afterwards indicted for an assault with intent to kill. It is a general rule that a party may in a criminal proceeding be held to answer for any offense, great or small, which can be legally carved out of the transaction. (1 Bishop on Criminal Law, 536.) The assault and battery were embraced in the stabbing and cutting with intent to kill, and it was not necessary that Charles Jackson should have been indicted for any offense, or tried, or convicted. They were all alike immaterial to the question of appellant's guilt, which depended on the questions whether or not he attempted to bribe by offering twenty-five dollars to Daniel Granger, a witness in a case, to disobey a subpœna, or other legal process, or to avoid the service of the same by leaving the county, or by keeping out of the way and not appearing as a witness at the September term, 1874, of the District Court of Caldwell county against Charles Jackson in the case of The State *v.* Jackson. The statement of the character of the offense was a mere incident of no great importance, and the object of the district attorney in offering the proceedings of the District Court in evidence was doubtless to show that a case had been before the Justice, E. H. Rogan, of a substantial character, and from the evidence of Granger to show that he, Granger, was a material witness in that cause. There was

no error in the judge admitting the evidence; it violated no rights of appellants, and did not operate as a surprise.

The third bill of exceptions is to the fourth subdivision of the charge to the jury, which charge reads as follows: " To constitute the offense of offering to bribe it is not necessary that the money promised or offered should be actually produced and tendered." We find in this section of the charge nothing that appellant can with propriety complain of. The offer to bribe constituted the offense, and it has been repeatedly declared that the offer or promise of a bribe is held to be punishable the same as if it were actually accepted or delivered. (2 Bishop on Criminal Law, 88.)

The exception to the refusal of the court to charge the jury that the State must prove that the prosecution against Charles Jackson was then pending in the District Court, and that at the time of the alleged offense to bribe, a subpœna or other legal process had been issued in said cause for said Granger, is not tenable. The examination before E. H. Rogan, which resulted in holding defendant to answer at the next term of the District Court in which Granger was a material witness was a criminal case within the meaning of the law. It was not necessary to allege that an indictment had been found, or that a subpœna or other process had issued. The law would, indeed, be inoperative in a great degree if it were limited to cases where an indictment had been previously found, or a subpœna or other process had previously been issued. The reason of the law and the language of the code alike negative the idea that a witness can be bribed to secrete himself or leave the country, and that the offending party can do this with impunity, because the indictment was not previously found, or a subpœna or other process to a witness had not then issued; were it so, there would be in numerous cases very little use in presenting the one or in issuing the other, and the stream of justice could and would be obstructed and corrupted with impunity almost at its source.

The fifth assignment of error is that "the court erred in not defining the offense of bribery in the instructions to the jury." It does not appear from a comparison of the indictment, the evidence, and the charge of the court, that any doubt could have remained on the minds of the jurors regarding the nature of the offense charged. The questions they were called on to determine were set clearly before them in the indictment, to which the presiding judge referred in his charge, and there does not appear from it any error of which appellant can legally complain. We are of opinion that the court charged all the law that was necessary to be charged in this case, and that the court did not err in overruling the motion for a new trial, the evidence in the cause fully sustaining the verdict of guilty.

The judgment is therefore affirmed.

AFFIRMED.