## THE STATE V. WILSON HUGHES.

INDICTMENT—OFFERING BRIBE TO WITNESS.—An indictment which charges that defendant, knowing A. B. to be a witness, offered him five dollars and property to the value of ten dollars to secrete himself and be absent from the District Court at the April term, 1874, and not be a witness before the grand jury at that term of the court, nor a witness against the defendant at the District Court at said term, does not charge the offense of offering to bribe a witness under art. 1934, Paschal's Dig.

APPEAL from San Saba.    Tried below before the Hon. E. B. Turner.

The indictment in this case was evidently intended to charge the offense of offering to bribe a witness, which offense and its penalty is set forth in art. 310*a* of the Penal Code.

There was no charge in the indictment that Brown, to whom the bribe was offered, had been served with process as a witness in a cause, or that he was offered a bribe to disobey a subpœna or other legal process, or to avoid the service of the same by secreting himself. Exceptions to the indictment were sustained, and the State appealed.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The article of the Criminal Code under which this indictment was found reads as follows: "If any person shall bribe, or offer to bribe, any witness in any case, either civil or criminal, to disobey a subpœna or other legal process, or to avoid the service of the same by secreting himself, or by any other means, he shall be punished by confinement in the penitentiary not less than two nor more than five years." Paschal's Dig., art. 1934.

We have been referred to no other provision having any relation to the offense charged in the indictment.

In general, it is sufficient if the indictment follows the statute or describes the offense with substantial accuracy. Can it be said that this indictment is sufficient in this respect? We think not.

Article 1605 Paschal's Digest declares that no person shall be punished for any act or omission as a penal offense, unless the same is expressly defined and the penalty affixed by the written law of this State.

The acts charged in the indictment as having been committed by the defendant do not constitute the offense as expressly defined by the article of the code under which it seems the indictment was found. It is not charged that the defendant offered to bribe the witness to disobey a subpœna or other legal process, or to avoid the service of the same by secreting himself, or by any other means, and that he thus committed the offense defined by the code; but the charge is that the defendant, knowing Brown to be a witness, offered him five dollars and property to the value of ten dollars to secrete himself and be absent from the District Court at the April term, 1874, and not be a witness before the grand jury at that term of the court, nor a witness against the defendant in the District Court at said term.

It cannot be said that the acts here charged are expressly defined as a penal offense by the written law, and without being so defined such acts cannot be punished as an offense.

There was no error in sustaining the motion to quash, and the judgment is affirmed.

AFFIRMED.