[No. 10,697.—Department Two.]
March 1, 1882.

## THE PEOPLE v. I. S. KALLOCH ET AL.

INDICTMENT—MISDEMEANOR—MISCONDUCT IN OFFICE—NEW CITY HALL COMMISSIONERS—APPEAL—JURISDICTION OF SUPREME COURT.—The defendants, as New City Hall Commissioners for the City and County of San Francisco, were indicted for misconduct in office: *Held*, This Court has jurisdiction of the appeal.
ID.—ID.—ID.—ID.—*Held further*, The indictment is fatally defective.

APPEAL from a judgment for defendants on demurrer, in the Superior Court of the City and County of San Francisco. FREELON, J.

The indictment was as follows:

"The People of the State of California against Isaac S. Kalloch, John P. Dunn, and John Luttrell Murphy, in the Superior Court of the City and County of San Francisco, State of California, the fifth day of November, A. D. 1880. Isaac S. Kalloch, John P. Dunn, and John Luttrell Murphy are accused by the Grand Jury of the said City and County of San Francisco, by this indictment, of the crime of misdemeanor, committed as follows: During the months of February, March, April, May, and June, A. D. 1880, the said Isaac

CAL. REPS. LX—8

S. Kalloch was the Mayor, the said John P. Dunn was the Auditor, and the said John Luttrell Murphy was the City and County Attorney of the said City and County of San Francisco; and during the months last mentioned the said defendants, by virtue of their said respective offices, constituted the board known as the Board of New City Hall Commissioners for the City and County of San Francisco; that according to the Act of the Legislature of California, entitled 'An Act to provide for the completion of the building in the City and County of San Francisco, known as the New City Hall,' approved March 24, 1876, it was the duty of the said Commissioners to advertise for sealed proposals for work to be done upon the said building. Nevertheless, during the said months of February, March, April, May, and June, A. D. 1880, at the City and County of San Francisco, upon the building aforesaid, they, the said defendants, as Commissioners aforesaid, had a large amount of concrete work done without advertising for sealed proposals to do the same; and the omission of the said defendants, as Commissioners aforesaid, to make such advertisement was willful, and contrary to the form, force, and effect of the statute in such case made. and provided, and against the peace and dignity of the People of the State of California.          D. L. SMOOT,
"District Attorney."

*D. L. Smoot,* for Appellant.

*McClure, Dwinelle & Plaisance,* for Respondent Kalloch.

We have no provision by which an appeal can be perfected in this Court in criminal cases of less degree than felony; the provisions of the Penal Code regarding such appeals have no application to misdemeanors. (§ 1235 *et seq.*) No provision is made for such an appeal, other than by Section 4 of Article vi of the new Constitution, which only gives the appellate jurisdiction. This provision is not self-acting, and no appeal can be perfected thereunder, until the machinery is provided therefor by the Legislature; nor can the proceedings of the Court below be reviewed by this Court, except possibly, on writ of error, as suggested in *Ex parte Thistleton,* 52 Cal. 220.

*Garber, Thornton & Bishop,* for Respondent Dunn.

The Court:

This Court has jurisdiction of the appeal. (Const., Art. vi, § 4; C. C. P., § 52.)

The indictment is fatally defective in at least two particulars: 1. It does not charge that the act complained of was done by the defendants as a "Board;" and, 2. It does not give the name of the party with whom the contract was made.

We think the demurrer was properly sustained, and the judgment is affirmed.