[No. 1383.]

ELZA BROWN v. THE STATE.

BRIBERY.—INDICTMENT in its charging part averred that "Elza Brown did offer to bribe William H. Kelso, a witness, to disobey a subpœna, and not to appear before the District Court of Uvalde county, and testify against him, the said Elza Brown." *Held*, insufficient; because, 1, it failed to charge any of the acts constituting the offense; 2, because it failed to charge directly and affirmatively the existence of the subpœna, and that it was issued by legal authority; and, 3, because it failed to allege the pendency of the suit and the parties thereto, and to designate affirmatively the witness to whom the bribe was offered.

APPEAL from the District Court of Uvalde. Tried below before the Hon. T. M. Paschal.

The entire substance of the indictment is stated in the head note. The punishment assessed by a verdict of guilty was a term of two years in the penitentiary.

The testimony of the prosecuting witness Kelso was substantially that in April, 1882, the defendant approached him and inquired if he intended to attend the next term of the District Court of Uvalde county. The witness replied that he knew of no business to take him to Uvalde during the sitting of the court. Thereupon the defendant told the witness that he did not want his trial gone into at that term, and would pay the witness well if he would not attend court. The witness understood the defendant to allude to a prosecution pending against him for theft of money. The witness admitted, on cross-examination, that he told the defendant that he had not been subpœnaed as a witness, and that to insure his responsibility on a subpœna he would have to be summoned three days before court. He did not remember whether he so informed the defendant before or after the latter offered to pay him not to go to court.

The State then introduced an indictment against the defendant charging him with the theft of two hundred and fifty dollars from J. D. Walker, and a subpœna for Kelso as a witness for the prosecution.

The motion for new trial assailed the charge of the court, the

sufficiency of the evidence, and raised the question involved in the ruling of this court.

*Ellis & Dial* and *G. W. Powell,* for the appellant.

*O. S. Eaton,* for the State.

HURT, J.   The charging part of the indictment is as follows: "Elza Brown did offer to bribe William H. Kelso, a witness, to disobey a subpœna and not to appear before the District Court of Uvalde county and testify against him the said Elza Brown."

This indictment, we think, is insufficient in several particulars:

1.   It should charge the acts of defendant so as to enable the court looking to these alone, to determine whether in law they constitute an offer to bribe.   What the defendant did, or said, must be shown to the court in proper allegations, and not the conclusions of law.

2.   The indictment must charge the existence of a subpœna, and it must appear that it was issued by legal authority.   These facts must be charged directly and affirmatively, and not by way of inference.

3.   The pendency of the suit and the parties thereto, and the witness to whom the bribe was offered, must also be affirmatively alleged.   We most respectfully suggest to the pleader the propriety of consulting the precedents for indictments on this and analogous offenses.   (Wharton's Precedents, vol. 2, 602, 603, 606; *Jackson* v. *The State,* 43 Texas, 421.)

The exceptions to the indictment should have been sustained.

The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered January 24, 1883.