[In Bank.— September 21, 1883.]

## THE PEOPLE, RESPONDENT, v. W. W. MARKHAM, APPELLANT.

CRIMINAL LAW— PRACTICE— DEMURRER.— A demurrer will not lie to an information on the ground that it is uncertain.

ID.— BRIBE— POLICE OFFICER.— A police officer who receives money in consideration of his promise not to arrest any one of a class of offenders against the criminal laws, is guilty of receiving a bribe, and it is not necessary to allege in the information, or prove at the trial, that the crime was subsequently committed, and that the officer failed to make an arrest.

ID.— EVIDENCE— IMPEACHMENT OF WITNESS.— When it is sought to impeach a witness by attacking his reputation for truth, honesty, and integrity, the inquiry and answer must be as to his general reputation.

ID.— ARREST OF JUDGMENT— APPEALABLE ORDER.— An order denying a motion in arrest of judgment is not appealable.

APPEAL from a judgment of the Superior Court of Santa Clara County, from an order denying a motion in arrest of judgment, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Moore, Laine & Lieb,* for Appellant.

*Attorney-General Marshall,* and *District-Attorney Campbell,* for Respondent.

McKINSTRY, J.— The charging part of the information is as follows: "The said W. W. Markham, on the 30th day of December, A. D. 1882, at the county and State aforesaid, then and there being an executive officer, namely, a police officer of the city of San Jose, county of Santa Clara aforesaid, did ask, receive, and agree to receive a bribe, to wit, fifteen standard dollars, lawful coin of the United States of America, upon an understanding and agreement that he would not arrest persons engaged in violating section 330 of the Penal Code of the State of California, nor would he arrest persons engaged in violating the gaming ordinance of the said city of San Jose, contrary to the form of the statute," etc. Defendant demurred to the information on the ground "that said information is uncertain in that it cannot be ascertained therefrom whether he is charged with making a corrupt agreement not to arrest under section 330 of the Penal Code, or for a violation of a city ordinance."

A defendant cannot demur to an information on the ground that it is uncertain.   (Pen. Code, § 1004.)

It is contended by appellant, however, that the facts stated in the information do not constitute a public offense.

Section 1012 of the Penal Code provides: "When the objections mentioned in section 1004 appear on the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the *trial,* under the plea of not guilty, or after the trial, *in arrest of judgment.*"

At the proper time defendant moved in arrest of judgment on the ground that the information did not state facts constituting a cause of action.   He also moved for a new trial.

Section 68 of the Penal Code reads: "Every executive officer . . . . who asks, receives, or agrees to receive any bribe, upon any agreement or understanding that his vote, opinion, or action upon any matter then pending, of which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the State prison not less than one nor more than fourteen years," etc.

The seventh section of the same Code defines the word "bribe" to signify anything of value or advantage, present or prospective, or any promise or undertaking to give any, asked, given, or accepted, with a corrupt intent to influence unlawfully the person to whom it is given in his action, vote, or opinion in any public or official capacity.

The objection of appellant's demurrer is more specifically stated in his points filed in this court.   "There was nothing (in the information) to show that anything ever could or did come before him in his official capacity concerning the matter."

If we understand the argument of counsel it is to the effect that the information should have stated that section 330 of the Penal Code was being violated by certain persons when the fifteen dollars was given and received, with the understanding that defendant should not arrest such persons, or that when the money was paid it was paid in contemplation of an intended violation of the section by certain persons, and was received

under an agreement of defendant that he would not arrest such persons. Further, that in case the information had alleged that section 330 was being violated when the money was paid, it should also have alleged that defendant, in fact, failed to arrest the persons guilty of such violation. At the least, the argument of counsel for appellant involves the proposition that in case the information alleges that money is paid a police officer, and by him received, with the understanding that he will not arrest persons who subsequently shall commit a certain crime, it must also allege that some person or persons did subsequently commit the crime, and the officer, having the opportunity and ability to arrest, failed to arrest such person or persons.

But we think when a police officer receives money in consideration of his promise that he will not arrest any one of a class of offenders against the criminal laws, he is guilty of receiving a bribe, because the case of one who has committed the offense, and the consequent duty of the officer to arrest is "a matter which *may* be brought before him in his official capacity." We are of opinion that a police officer who shall receive a weekly stipend, or a single payment of money, in consideration of his promise not to arrest any violator of the gaming law, is not only morally guilty, but may be found guilty under the *statute*, without his trial involving the necessity of the prosecution establishing the commission of a distinct crime by a third person, together with a want of energy and efficiency on the part of the officer in securing the arrest of the third person.

The scope of the definition of bribery is as broad as the duties of the officer who accepts the bribe. It is the duty of a police officer to arrest, with or without warrant, according to circumstances, every person who violates section 330 of the Penal Code. If, therefore, he agreed, in consideration of money paid him, not to arrest any person who should violate section 330, it would seem to the ordinary comprehension that he was bribed with respect to a matter which might be a subject of his official action.

In opposition to the view above set forth appellant cites certain cases. They are: *People ex rel. Purley*, 2 Cal. 564; *Barefield* v. *The State*, 14 Ala. 603; *Collins* v. *The State*, 25 Tex. Supplement, 202; *The State* v. *Hughes*, 43 Tex. 518; *Newell* v.

*Commonwealth,* 2 Wash. (Va.) 88; and *Old* v. *Commonwealth,* 18 Gratt. 918.

But the decision in *People ex rel. Purley* turned upon the phraseology of a statute different from that now under consideration. It was held that under the statute of 1850, which confined the offense of bribery of a judicial officer to the payment or offer to influence such officer "to act more favorably to one side than the other in a suit, matter, or cause, or *pending* or *brought* before him," it should appear that a particular legal proceeding named in the presentment was commenced, or, at least, was to be commenced.

In *Barefield* v. *The State* the defendant below had been indicted for bribing a justice of the peace by corruptly promising him twenty-five dollars to influence his decision in a certain controversy or proceeding that might be brought before him, wherein Miles Barefield was to be plaintiff and W. H. Owen was to be the defendant.

Two of the three judges of the Supreme Court of Alabama held, that while an offer to bribe a judicial officer was a grave offense at the common law, yet under the statute (similar to ours) it was necessary, to constitute the bribery, that there must have been an acceptance of the bribe; and also, it must appear that the cause or proceeding was pending before the justice when the offer was made, or that the cause or proceeding was afterwards instituted, so that in the ordinary course of it would come before him. Mr. Justice Chilton dissented from his brethren upon both the points on which their conclusion rested, and we concur with his view of the law. He said: "But I feel constrained to differ with my brethren as to the construction which they place upon the statute under which the conviction was had. In my judgment it is not indispensable that the matter, cause, or proceeding in which the decision or judgment of the officer is to be influenced by the bribe should afterwards be actually brought before him, in order to constitute the offense. But if the party corruptly give or promise any gift or gratuity whatever, *'with intent to influence* the act, vote, opinion, decision, or judgment' of any officer, whether executive, legislative, or judicial, on any matter, cause, or proceeding which may be then pending, *or may by law come or be brought before*

*him in his official capacity,* the crime is complete, although the matter never should come before such officer. The law, it is well remarked, abhors the least tendency to corruption; and at common law, attempts to bribe, though unsuccessful, were held indictable. (1 Russell on Crimes, 156; *United States* v. *Worrall,* 2 Dall. 384; *Rex* v. *Plympton,* 2 Raym. Ld. 1377; *Rex* v. *Vaughan,* 4 Burr. 2494; affirmed in *Rex* v. *Polman et al.* per Lord Ellenborough, 2 Camp. 230.) It is true the intention to corrupt the justice in regard to his anticipated action upon the case is not an offense which the law can punish; but when that intention is evidenced by overt acts — when the promise is complete to confer upon the officer the reward, as a premium to incline him to act contrary to his duty, and in violation of the known rules of honesty and integrity — the defendant has done his part towards consummating the guilt, and the punishment inflicted is not disproportioned to the demerit of his crime. The matter, cause, or proceeding must be one which *may* come before him, that is, comes within his jurisdiction, or which may be brought before the officer, or which may be pending at the time of the corrupt promise. The legislature, I think, did not intend that the prosecution should depend upon the fact whether the officer actually had it in his power to carry out the corrupt agreement before the indictment was exhibited. It is sufficient, I think, that the subject-matter upon which the bribe was to operate existed, and could legally be brought before the officer in his official capacity. The offense consists, in contemplation of the statute, in poisoning and corrupting the fountain of justice, and although the particular deleterious consequence designed to be effected by the parties has not ensued, the State, nevertheless, has an officer corrupted, and society has lost all protection for its rights, so far as the administration of the law by him is concerned."

In *The State* v. *Hughes* the defendant was indicted under a statute which made it a felony to bribe a witness. It was held that a charge that the defendant offered a person money to avoid becoming a witness was not authorized by the wording of the statute. In *Newell* v. *Commonwealth,* decided in 1795, it was said that a common-law information which attempted to allege that defendant, a justice of the peace, corruptly received a bribe

to vote for a certain person as clerk of the peace, and that he did vote for such person, was too uncertain in not averring that an election for clerk of the peace was in fact held. In *Old* v. *Commonwealth* the only question considered was whether the evidence justified the verdict of guilty. It was held that a new trial was properly denied. In *Collins* v. *The State*, 25 Tex. Supplement, the indictment, founded upon a statute, omitted to state that the matter, to influence his action upon which it was alleged money was offered to the district attorney, was a matter of such nature as ever could come before him for official action.

None of the cases cited, when analyzed, would require a construction such as is claimed by appellant to be the correct construction of the section of our Code. The nearest case is *Barefield* v. *The State*, and of that case we remark that the reasoning of the dissenting judge is to us more satisfactory than that of the prevailing opinion.

Here the duty of the defendant was to arrest those violating a certain law, and the duty was one which he might at any time be required to discharge. The matter might be presented to him for official action. The sixty-seventh section of the Penal Code provides that any person who gives or offers a bribe to any executive officer, with intent to influence him in respect to any act, etc., as such officer is punishable. By the sixty-seventh section the offense defined is that of one who *offers;* by the sixty-eighth, that of one who *receives* a bribe. If the witness who testified he paid money to the present defendant was informed against, would it not be enough to allege in the information that he paid the money in consideration of a promise that the officer would not arrest any person for a violation of section 330 of the Penal Code? His offense was complete. In the language of Mr. Justice Chilton, "the legislature did not intend that the prosecution should depend upon the fact whether the officer actually had it in his power to carry out the corrupt agreement before the indictment was exhibited." (See also *People* v. *Ah Fook*, 6 Pac. C. L. J. 1021.) *People* v. *Kalloch*, 60 Cal. 113, in no degree conflicts with the views above expressed.

At the trial a witness, *Cole*, was asked by defendant's counsel: "Do you know Ah Hung's reputation for truth, honesty, and

integrity in San Jose?" Ah Hung had been examined as a witness on behalf of the prosecution. To the question above recited the witness Cole answered: "I know his general reputation among the officers of San Jose, that is all." On objection, the answer was ruled out by the court.

A witness may be impeached by evidence that his general reputation for truth, honesty, and integrity is bad. (Code Civ. Proc. § 2051.) The section of the Code as to reputation for *truth* is but declaratory of the common-law rule. The evidence to be competent must be as to witness' general reputation in the community in which he resides; that is to say, to impeach him when the inquiry is as to his reputation for truth, he must have reached the bad eminence of notoriety as a liar. (*Bates* v. *Barber*, 4 Cush. 107; *Knode* v. *Williamson*, 17 Wall. 586; Wharton on Ev. 562, 563.) The attack must be on his reputation amongst his neighbors, whether they know him personally or not, or amongst those who have had opportunities of ascertaining his reputation as generally estimated. (1 Green. Ev. 461.)

The question propounded to the witness was not as to the general reputation of Ah Hung, and the answer of the witness did not respond to any supposed question as to general reputation. The number of police officers in San Jose is, for aught that appears in the transcript, very limited, and there is no suggestion that Ah Hung's acquaintances and associates were confined to members of the police department. However this may be, if we assume, as we must assume, that there are few policemen in San Jose, their opinion of his character does not establish his general reputation in the community.

Read as a whole, the charge of the court below fairly presented the law.

The order denying defendant's motion in arrest of judgment is not appealable.

Judgment and order denying new trial affirmed.

Ross, J., SHARPSTEIN, J., MYRICK, J., McKEE, J., and THORNTON, J., concurred.