[No. 20761. Department Two. — June 24, 1891.]

## THE PEOPLE, RESPONDENT, v. JOHN THOMAS WEBSTER, APPELLANT.

CRIMINAL LAW — ASSAULT WITH A DEADLY WEAPON — EVIDENCE — SUBSEQUENT CHARGE BY PROSECUTING WITNESS — CROSS-EXAMINATION — RE-EXAMINATION. — Upon the trial of a defendant charged with assault with a deadly weapon, it is competent, for the purpose of showing the relations between the parties and the state of feeling of the prosecuting witness towards the defendant, to show by the witness on cross-examination that he had caused the defendant to be arrested and tried since the assault, on a charge of disturbing the peace, and that the defendant had been acquitted of that charge; but it is error to permit the witness, on re-examination, to state the facts in connection with the latter charge as involved in and brought out at the trial thereof.

ID. — IMPEACHMENT OF PROSECUTING WITNESS — GENERAL REPUTATION — PERSONAL KNOWLEDGE OF IMPEACHING WITNESS. — Where a witness for the defense was asked, for the purpose of impeachment of the prosecuting witness, whether he knew his general reputation in the community where he lived, for honesty, truth, and veracity, and the witness answered that he only knew from what he heard people generally say of him, it is error for the court to rule that he could only testify as to what he knew of his reputation of his own personal knowledge.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. P. Butcher*, for Appellant.

*Attorney-General Hart*, for Respondent.

FITZGERALD, C. — The defendant was convicted, in the court below, of assault, upon an information charging him with an assault with a deadly weapon.

It appears from the record that several exceptions were taken by the defendant to the rulings of the court; but only two of them are urged here, and they are upon questions involving the admission and rejection of evidence.

At the trial, one J. N. Marsh, who is the subject of the injury complained of in the information, was called and sworn as a witness for the prosecution. On cross-examination the question was asked him, if he, "witness, had not, since the arrest of defendant upon this charge, had defendant arrested and tried in the justice's court on a charge of disturbing the peace, and if the jury did not acquit him of the charge." This question was answered by the witness in the affirmative, without objection from the prosecution. On redirect examination, he was asked by the district attorney to "state the facts of that case." This he was permitted to do by the court, against the defendant's objection, he, the witness, stating, among other things, in this connection, "that the defendant had tried to ride over him with his horse, while he was peaceably walking along the public highway," on which occasion defendant called him names, not necessary or fit to be repeated here.

While the question asked on cross-examination, and affirmatively answered without objection, was competent for the purpose of showing the relations between the parties, and the state of feeling of the witness towards the defendant, yet under no rule or principle with which we are familiar could such evidence be justified as that which was admitted, against objection, on the redirect examination of the witness Marsh, and through which was injected into the trial of this case the facts involved in and brought out at the trial of the other case, the probable effect, if not the purpose of which was to put in issue his character, and thereby to excite in the mind of the jury feelings of prejudice against the defendant. (*People* v. *Markham*, 64 Cal. 163; 49 Am. Rep. 700; *People* v. *Dye*, 75 Cal. 108; *People* v. *Taylor*, 36 Cal. 255.)

The only other ruling of the court which we propose to notice, and to which exception was taken, was upon a question of evidence involving the general reputation of the prosecuting witness Marsh for "honesty, truth, and

veracity," and which was offered for the purpose of impeachment.

It appears from the bill of exceptions that the witness Tallant, who was called for the defense, was asked " whether he knew the general reputation of the prosecuting witness Marsh, in the community where he lived, for ' honesty, truth, and veracity.' The witness answered ' that he only knew from what he had heard people generally say of him.' Here the court interposed, and ' told the witness he could only testify to what he knew of his reputation of *his own personal knowledge.*' "

This ruling of the court, reversing, as it did, an old and very familiar common-law rule, of which the plain provisions of section 2051 of the Penal Code are but declaratory, was excepted to at the time, and is assigned as error.

The question as propounded was perfectly competent to show such general reputation, and while technically it should have been answered directly, yes or no, still the response was such in effect, and in addition thereto clearly showed the competency of the evidence for the purpose for which it was sought to be introduced. (*People* v. *Methvin*, 53 Cal. 68.)

For these prejudical errors, we advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded for a new trial.