[Civ. No. 9318. First Appellate District, Division Two.—April 20, 1934.]

JOHN F. ANDERSON, Appellant, v. FRANK F. MENZEL et al., Respondents.

Fall & Fall and J. Gilbert Fall for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

STURTEVANT, J.—The petitioner applied to the trial court for a writ of review. The respondents appeared, filed

a return, and a trial was had before the court sitting without a jury. The trial court rendered judgment in favor of the respondents and from that judgment the petitioner has appealed and has brought up a bill of exceptions.

Theretofore the petitioner had been a permanent teacher in Lynwood elementary school district. On the twenty-sixth day of April, 1928, the trustees of Lynwood elementary school district served on the petitioner a notice that charges had been filed against him as a teacher and a notice that a hearing would be held by the board of trustees on May 12, 1928. On the date last mentioned a hearing was had and thereafter the board of trustees entered an order that the charges preferred against the petitioner had been sustained on the ground of incompetence and evident unfitness for service, and ordered that the petitioner be dismissed from his position as a permanent teacher. The order was made by two members of the board, Charles G. Scranton and P. M. Higley. At the time of the hearing before the board the hearing was had before the full board consisting of Charles G. Scranton, P. M. Higley and Mrs. J. H. Fadler, except as hereinafter noted. W. P. Ellsworth, the last witness called at the hearing, was called by the petitioner. In reply to questions propounded by Mr. Fall, the attorney for the petitioner, Mr. Ellsworth testified as follows: ''I am a carpenter and have been so engaged close to twenty-three years and I am so engaged at the present time. If you show me certain pieces of carpenter work I think I can judge competently as to the manner of the construction of the work and the material used. I cannot see anything wrong with the table to which you call my attention. For a boy's work I think it is done exceptionally well. As to the additional specimen of work which you show me it looks like it is finished very neatly I would say. I do not see anything wrong with the workmanship or structural design of it.'' Then the proceedings were as follows: ''Q. Now you might look at this book trough. Just a moment, please. Let us note, Mr. Reporter, that Mr. Scranton isn't present at this portion of the hearing. He appears to be absent from the board table. By Mr. Boller: Then, let us adjourn for a moment or two. By Mr. Fall: Very well. But I don't know when he took the liberty to adjourn. (At this point in the proceedings a recess was taken for ten

minutes.) By Mr. Boller: Now then, for the purpose of record I would like to ask Mr. Scranton if he has been in attendance upon this hearing to the time of calling of the witness, Mr. Ellsworth, to testify. That is a fact, isn't it, Mr. Scranton? By Mr. Scranton: Yes sir, that is a fact. By Mr. Boller: And I would like the record to show, well just a moment, please, Mr. Reporter, will you please read over to Mr. Scranton the testimony of Mr. Ellsworth on direct examination from the commencement of his testimony. (Reporter reads all testimony of the witness, W. P. Ellsworth, on direct examination thus far taken.) By Mr. Boller: And I would like the record to show that Mr. Ellsworth's testimony has been read over in this hearing from its beginning. By Mr. Fall: Q. Do you see anything wrong with this book trough, Mr. Ellsworth? A. No sir, I don't. By Mr. Fall: That is all. You may cross-examine. . . . By Mr. Fall: That is all. We will close our case with that. By Mr. Scranton: Now gentlemen, we can take this matter under advisement, can't we? By Mr. Fall: I wish to raise an objection, at this time, as to Mr. Scranton's voting in this matter. By Mr. Boller: Then I will ask you to state the basis of your objection so that we may have it clear in the record. By Mr. Fall: Subdivision 'J' of the Third Division of Section 1609 of the Political Code of the State of California provides the manner of the trial and dismissal of permanent teachers under the Teachers' Tenure Law and a portion of which reads as follows: 'No member of the Board shall qualify to vote who has not been present throughout the entire hearing.' Mr. Scranton having been absent during a portion of the hearing, is therefore disqualified to vote in this matter. By Mr. Boller: Very well, then I presume the matter will stand submitted.''

The claim which the petitioner made in objecting to Mr. Scranton participating in the proceedings was presented to the trial court and is now presented to this court. Quoting subdivision "J" of the third division of section 1609 of the Political Code as the statute was worded at that time the petitioner emphasizes the language "present throughout the entire hearing" and contends that on the record which we have quoted above, Mr. Scranton was disqualified. The petitioner further contends that the statute should be construed strictly. (*Triplett* v. *Munter*, 50 Cal.

644, and *People ex rel. Purley*, 2 Cal. 564.) Considering for all of the purposes of this case that the rule of construction is as contended by the petitioner, we think it cannot be said that the record shows Charles G. Scranton was not "present throughout the entire hearing". The record discloses that at a certain time Mr. Scranton was absent from the board table. It does not show that he was out of the room. If out of the room it does not show that he was without the hearing of what was going on. Furthermore, if he was without the hearing for a time when certain proceedings were had, he returned and those proceedings were had *de novo* when he was present at the hearing. ▮ Bearing in mind that this is an application to this court to review the ruling of the trial court, it was incumbent on the petitioner to bring up a record showing affirmatively that the trial court erred and the nature of the error. The bill of exceptions which we have quoted from does not show any error. Moreover, it affirmatively appears that the material inserted in the bill of exceptions is only a part of the proceedings held before the board of trustees, all of which were transcribed and all of which were before the trial court. In support of the judgment of the trial court it will be presumed there was other evidence showing or tending to show that Mr. Scranton was "present throughout the entire hearing".

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.