[No. 3,748.]

THE PEOPLE EX REL. MOORE AND DOMINGOS *v.* THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY.

MUNICIPAL CORPORATIONS.—The Act of 1863 which declares that the Board of Supervisors of Sacramento County shall be a body politic and corporate, does not make that county a municipal corporation within the meaning of that term as used in the nineteenth section of the Political Code.

COUNTY OF SACRAMENTO.—The County of Sacramento is subject to the provisions of the Code respecting the government of counties.

CERTIORARI to review proceedings of the Board of Supervisors of Sacramento County.

In 1863 an Act was passed providing for the government of the County of Sacramento. The third section of the Act divided the county into five Supervisor Districts, and the first section of the Act declared that: "All that portion of the

State which by law now is or hereafter may be designated as Sacramento County, shall be governed by a Board of Supervisors, which Board of Supervisors shall be a body politic and corporate by the name and style of 'The Board of Supervisors of the County of Sacramento,' and by that name they and their successors shall be known in law, shall have perpetual succession, may make, have, alter, and renew a common seal, different and distinct from that of the County Clerk; may sue, complain, and defend in all Courts and in all actions and proceedings whatever."

The Political Code, enacted by the Legislature in 1872, and which went into effect January 1st, 1873, divided the counties of the State into classes, according to their population, and declared that counties of the first class, containing twenty thousand inhabitants or over, must have seven Supervisors, and that if, under the classification, the number of Supervisors of a county was increased or diminished, the Board of Supervisors must redistrict the county to correspond with the classification. (See Political Code, Secs. 4022, 4025.) The County of Sacramento contained more than twenty thousand inhabitants. Section four thousand of the Code further provides that "every county is a body politic and corporate," etc. The nineteenth section of the Code further provided that nothing in the Code affected any of the provisions of "Acts incorporating or chartering municipal corporations, and Acts amending or supplementing such Acts," etc.

On the 7th day of February, 1873, the Board of Supervisors divided the county into seven Supervisor Districts. Two of the five Supervisors, Domingos and Moore, voted against the order redistricting the county, and applied to the Supreme Court for a writ of certiorari to set aside the order as in excess of the jurisdiction of the Board.

*John L. Love, Attorney General,* and *Daniel J. Thomas,* for Petitioners.

The only point in this case is whether the first section of the Act of April 25th, 1863 (Stats. 1863, p. 503), incorporating the County of Sacramento, made it a municipal corporation, as, if it did, its charter is expressly saved by the first subdivision of the nineteenth section of the Political Code.

It is either a municipal corporation or no corporation at all, as the Constitution prohibits the Legislature from creating corporations by special Act except for municipal purposes. The language of the thirty-first section of Article four is: " Corporations may be formed under general laws, but shall not be created by special Act except for municipal purposes."

If the Legislatures of 1863 and 1865-6 had no power to charter the County of Sacramento by a special Act because it is not created for municipal purposes—is not in fact a municipal corporation—then the Code Commissioners and the Legislature of 1871-2 made a mistake, as section four thousand of the Political Code makes every county a body politic and corporate, and it certainly will not be claimed that this section is based upon the first part of section thirty-one of Article four, that " corporations may be formed under general laws," which, under the decisions of this Court, refers to corporations other than those for municipal purposes. If the Legislature of 1871-2 had the power to erect every county into a municipal corporation under the latter part of the first clause of section thirty-one, Article four, then, under the same clause, the Legislatures of 1863 and 1865-6 had power to erect Sacramento in one under a special Act. (*Payne* v. *Treadwell,* 15 Cal. 496; *Low* v. *Marysville,* 5 Cal. 216.)

*Edgerton & Harrison,* for Respondent.

Subdivision one of section nineteen of the Political Code does not refer to counties, but only to incorporated cities and towns; otherwise subdivision two of the same section has no meaning. The word "municipal" is there used in its strictest sense. (*People* v. *Johnson,* 30 Cal. 98.)

And when used it invariably refers to incorporated cities and towns. (Political Code, Secs. 4356, 4366, 4442; Stats. 1871-2, p. 50.)

The City and County of San Francisco is the only exception. (Political Code, Sec. 4087.)

And the exception made operates as a limitation of the exempted counties. (*Perry* v. *Ames,* 26 Cal. 378; Potter's Dwarris on Statutes and Constitutions, 221.)

The object of the framers of the laws, and the adoption of the Codes by the Legislature, was, without doubt, to "establish a system of county and town governments, which shall be as nearly uniform as practicable throughout the State." (Const. of State, Art. XI, Sec. 4.)

By the COURT:

The provision of the Act providing for the government of the County of Sacramento (Stats. 1863, p. 503), which declares that the Board of Supervisors shall be a body politic and corporate, does not make that county a "municipal corporation," within the meaning of that term, as used in the nineteenth section of the Political Code; but the county is subject to the provisions of the Code respecting the government of counties. The Board of Supervisors did not exceed its jurisdiction, in passing the order dividing the county into the requisite number of Supervisor Districts.

Order affirmed.