[No. 12658.   In Bank. — May 8, 1889.]

CHARLES MORAN ET AL., RESPONDENTS, *v.* A. E. ROSS, APPELLANT.

79  159
79  550
79  551
79  552
79  159
j180 637
79  159
f132 241

EMINENT DOMAIN — DELEGATION OF RIGHT TO INDIVIDUALS — RAILROAD PURPOSES — PARTNERSHIP. — The right of eminent domain is inherent in the state, and not conferred by the constitution, and may be delegated by the legislature to any corporation or individual who shall comply with the terms upon which the right is given. The codes confer upon private individuals the right of eminent domain for railroad purposes; and that right may be exercised by a partnership.

ID. — CONSTRUCTION OF CONSTITUTION — RAILROAD COMMISSION — TRANSPORTATION COMPANIES. — Section 22 of article 12 of the constitution, providing for a railroad commission for the control of railroad corporations and transportation companies, should be construed to extend the supervision of the commission to all persons engaged in the business of transportation, whether as corporations, joint-stock companies, partnerships, or individuals, and so it has been construed by legislative enactment.

ID. — PRIOR LOCATION AND PART CONSTRUCTION OF RAILROAD — EVIDENCE. — The mere fact that another person or corporation had at some past time located the line of the road, and had actually built on such line on a part thereof other than that for which condemnation is sought, is immaterial, and not proper as evidence to defeat the right of eminent domain.

ID. — FENCES AND CATTLE-GUARDS — PLEADING — FINDING. — When the answer in a proceeding to condemn land for a railroad fails to allege that fences and cattle-guards were necessary, the failure to find upon such issue is not error.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Goodwin & Davis,* for Appellant.

*Spencer & Baker,* for Respondents.

WORKS, J.—Action to condemn lands for the right of way of a railroad, brought by the respondents as partners. Judgment for the plaintiffs, motion for a new trial denied. Defendant appeals.

The main contention of the appellant is, that the right to condemn real estate for railroad purposes can only be exercised by corporations, and that proceedings for that purpose cannot be maintained by private individuals.

The right of eminent domain is inherent in the state, and not conferred by the constitution. (Wood's Railway Law, sec. 223; Cooley on Constitutional Limitations, 647; Mills on Eminent Domain, sec. 1.) But the power of the state to condemn land for public uses must, in the main, be exercised by agents, and for that reason this power may be delegated by the legislature of the state either to corporations or individuals, who act as such agents and under legislative control. (*Mahoney* v. *Spring Valley Water Works,* 52 Cal. 161; Wood's Railway Law, sec. 223; Cooley on Constitutional Limitations, 653, 666; *In the Matter of Kerr,* 42 Barb. 119; *Tide Water Canal Co.* v. *Archer,* 9 Md. 479; *Beekman* v. *Saratoga etc. R. R. Co.,* 3 Paige, 44; 22 Am. Dec. 679; *Whiteman* v. *Wilmington etc. R. R. Co.,* 2 Harr. (Del.) 514; 33 Am. Dec. 411; Mills on Eminent Domain, sec. 13.)

Whether an improvement is of sufficient importance

to justify the exercise of the right of eminent domain is a question for the legislature to determine, subject only to the requirement that such improvement shall be for the public benefit, and not for private purposes. (*Mahoney* v. *Spring Valley Water Works*, 52 Cal. 161; Cooley on Constitutional Limitations, 657; Wood's Railway Law, sec. 224; *Beekman* v. *Saratoga etc. R. R. Co.*, 3 Paige, 44; 22 Am. Dec. 679; Mills on Eminent Domain, secs. 10, 22.)

Railways are a species of public highways, and as such have uniformly been held to be public improvements, to which the right of eminent domain attaches, although they may be constructed by private corporations or individuals, and operated for the emoluments to be derived therefrom by the operators. (Mills on Eminent Domain, sec. 14; Wood's Railway Law, sec. 226; *San Francisco etc. R. R. Co.* v. *Caldwell*, 31 Cal. 368.) This right of eminent domain need not be specially granted in every instance, but may be delegated by general laws to every person who shall comply with the terms upon which the right is given. (Wood's Railway Law, sec. 224.)

The question presented in this case, therefore, is, whether the privilege of exercising this right has been delegated in this state to *individuals* as well as to corporations.

The Code of Civil Procedure provides for what purposes real estate may be condemned, among which is that of railroads. (Code Civ. Proc., sec. 1238.) And the terms upon which the right may be enforced, and the manner in which it shall be exercised, are provided for in the following sections: Code Civ. Proc., secs. 1241–1263.

The Civil Code provides:—

"Any person may, without further legislative action, acquire private property for any use specified in section 1238 of the Code of Civil Procedure, either by consent of the owner or by proceedings had under the provisions

of title 7, part 3, of the Code of Civil Procedure; and any person seeking to acquire property for any of the uses mentioned in such title is 'an agent of the state,' or a 'person in charge of such use,' within the meaning of those terms as used in such title. This section shall be in force from and after the fourth day of April, 1872." (Civ. Code, sec. 1001.)

These provisions of the codes, taken together, confer upon private individuals the right of eminent domain, in this class of cases, in plain and unequivocal terms.

But counsel for appellant contend that under section 14 of article 1 of the constitution of this state the right can only be exercised by two classes of persons, viz., municipal and private corporations. The section of the constitution referred to provides:—

"Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, as shall be prescribed by law."

Their position, as we understand it, is, that this is a "disabling provision," and contemplates the taking of rights of way by the two classes of persons named, and those only. The first clause of the section—"Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner"—applies to all persons, and is in entire harmony with the provisions of the codes above cited. The latter clause applies to private corporations, and imposes upon them an additional requirement.

The argument of counsel amounts to simply this: the constitution provides that a right cannot be exercised by a corporation except upon certain conditions, therefore it cannot be exercised by a private individual at all. This seems to us to be entirely illogical and without force.

The constitution does not assume to provide for what uses or purposes private property may be condemned, nor by whom. These matters are left entirely to the legislature to be determined and regulated by statute, and the codes contain ample provision therefor.

But it is said that section 22 of article 12 of the constitution, providing for a railroad commission, is only applicable to corporations, and therefore private individuals cannot construct and operate such roads. If the section referred to were confined to corporations, the conclusion contended for would not follow; but, in our judgment, the control of the railroad commission, as provided for, is not confined to corporations. It extends, by its terms, to railroad corporations and "transportation companies." This should be construed to extend the supervision of the commission to all persons engaged in the business of transportation, whether as corporations, joint-stock companies, partnerships, or individuals, and so it has been construed by legislative enactment.

The act organizing and defining the powers of the board of railroad commissioners provides:—

"The term 'transportation companies' shall be deemed to mean and include: 1. All companies owning and operating railroads (other than street-railroads) within this state; 2. All companies owning and operating steamships engaged in the transportation of freight or passengers from and to ports within this state; 3. All companies owning and operating steamboats used in transporting freight or passengers upon the rivers or inland waters of this state.

"The word 'company' as used in this act shall be deemed to mean and include corporations, associations,

*partnerships,* trustees, agents, assignees, and individuals." (Stats. 1880, pp. 45, 48, sec. 14.)

Thus the power and supervision of the railroad commission has been extended to *all* persons owning and operating railroads, whether the section of the constitution referred to has that effect or not.

The fact that the right to construct and operate railroads is given by statute to railroad corporations, and the right of way therefor is granted to them by statute, is relied upon as supporting the appellant's position. This argument is much like the other. The claim is, that because the right is expressly given by statute to corporations it cannot be exercised by any one else unless the right is conferred in the same way. But this does not follow. A corporation is a creature of legislation. Its rights, powers, and duties are conferred and defined by statute. Without such statutory authority it could not exist or transact any business.

This is not so of a private individual. He may construct and operate a railroad, on his own land, or on the land of another, without statutory license. If the necessity of condemning the lands of another arises, in order to construct the road he must have constitutional or statutory authority to entitle him to proceed. This authority is given him, in express terms, as we have seen, by the codes.

The cases of *Mahoney* v. *Spring Valley Water Works,* 52 Cal. 161, and *Southern P. R. R. Co.* v. *Raymond,* 53 Cal. 223, are relied upon by the appellant as sustaining his position.

There is language in the former of these cases to the effect that a proceeding to condemn lands for the purposes of water-works could only be commenced and continued by a corporation, but a decision of that question was not necessary to a decision of the case, and it is quite clear that it was not carefully considered, if considered at all, and no authority is cited or reason advanced in support of such a doctrine.

The latter case does not bear upon the question presented here. The point made there was, that workshops for repairing and safely keeping the cars and locomotives of a railroad were not part of such railroad, or a public use, and therefore section 1238 of the Code of Civil Procedure did not authorize the condemnation of land upon which to erect such buildings. This court held that the use for which the land was sought to be condemned was within section 1238, and as a reason for so holding it was stated that railroad companies were authorized by other sections of the code to construct such buildings as a necessary part of its road.

The defendant offered to prove that the general line of the road, described in the complaint, was first located by a certain railroad corporation, and that a part of it had been built by said company. The evidence was excluded, and this is urged as error. There was no error in this ruling.

The mere fact that some one had at some time in the past located the line of the road, and had actually built on such line on a different part thereof from that for which the respondents were seeking to condemn, was immaterial.

It is also claimed that the court failed to find upon the issue as to the necessity for fences and cattle-guards along and upon defendant's lands. The court did find the cost of good and sufficient fences on each side of the road, and of cattle-guards, but not whether the same were necessary or not. In this respect the findings are like the answer, which failed to allege that such fences and cattle-guards were necessary. As no such issue was made by the answer, the failure to find upon it was not error.

Judgment and order denying new trial affirmed.

McFARLAND, J., THORNTON, J., SHARPSTEIN, J., PATERSON, J., and BEATTY, C. J., concurred.

Rehearing denied.