[No. 12697.   In Bank. — July 1, 1889.]

CHARLES MORAN ET AL., APPELLANTS, v. A. E. ROSS.
RESPONDENT.

EMINENT DOMAIN — JUST COMPENSATION — DEDUCTION ON ACCOUNT OF
BENEFITS — RAILWAY CONDEMNED BY PRIVATE PERSON — RULE OF
DAMAGES — CONSTITUTIONAL LAW. — Private individuals may condemn
lands for railroad purposes, and are entitled to deduct from the damages
to land not taken the amount of benefits accruing from the improvement
to such land, The provisions of section 14 of article 1 of the constitution,
prohibiting such deduction, and thus imposing upon the party seeking
to condemn lands for public use a burden greater than is provided by
the Code of Civil Procedure, are confined in their terms to the con-
demnation of a right of way by "corporations other than municipal,"
and do not apply to the case of condemnation by private individuals.  The
fact that the constitution and statutes have unjustly prescribed two dis-
tinct rules of damages, one for corporations and another for private
individuals, is a matter with which the courts have nothing to do, the
provisions of the law being plain and unambiguous.

APPEAL from a judgment of the Superior Court of
Lassen County.

The facts are stated in the opinion of the court.

*Spencer & Raker*, for Appellants.

*Goodwin & Davis*, and *W. N. Goodwin*, for Respondent.

WORKS, J. — Proceeding to condemn lands for the
right of way of a railroad, brought by the appellants as
partners.    There was judgment for the appellants con-
demning the land as prayed for, but the court found
that the lands of the respondent not taken by the rail-
road would be benefited by the location and construction
of the road in the sum of $150, and refused to allow the
appellants any deduction on account of said benefits
from the amount of damages found as to the part of
respondent's land not taken.

The sole question presented is, whether in an action
by a private individual to condemn lands the amount
of benefits accruing to the land of the defendant not

taken can be deducted from the damages resulting from the taking of the right of way.

The codes of this state authorize private individuals to condemn lands for railroad purposes. (Civ. Code, sec. 1001; Code Civ. Proc., sec. 1238; *Moran* v. *Ross*, 79 Cal. 159.)

The code requires that the court, jury, or referee' trying the case shall ascertain, among other things, damages to the defendant's land not sought to be condemned, and, "separately, how much the portion not sought to be condemned, and each estate or interest therein, will be benefited, if at all, by the construction of the improvement proposed by the plaintiff." (Code Civ. Proc., sec. 1248, subds. 2, 3.)

It is also provided in this same section, subdivision 3: "And if the benefit shall be equal to the damages assessed under subdivision 2, the owner of the parcel shall be allowed no compensation except the value of the portion taken; but if the benefit shall be less than the damages so assessed, the former shall be deducted from the latter, and the remainder shall be the only damages allowed in addition to the value."

There can be no question as to the proper construction of these provisions. The defendant is entitled to the value of the lands taken without any deduction, but if the balance of his tract of land will be damaged by the severance therefrom of the part taken, and at the same time be benefited by the making of the improvements by the plaintiff, such benefits shall be deducted from the damages that will result to the land not taken.

The section is not only plain and explicit in this respect, but to us it seems to be eminently just and right. No one's private property should be taken for public improvements, no matter how important or necessary to the public good they may be, without just compensation. But it is equally true that no one engaged in a work for the benefit of the public should be compelled to pay more

than a just compensation for such taking. Therefore, when the defendant receives compensation for his lands taken and the damages resulting to the part not taken, less the benefits accruing to such part, he receives what seems to us to be "just compensation." But in respect to corporations, the constitution of this state provides otherwise.

Section 14 of article 1 of the constitution provides:—

"Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, as shall be prescribed by law."

So far as this section imposes upon the party seeking to condemn lands for public use a burden greater than those provided for in section 1248 of the Code of Civil Procedure, it is confined to private corporations. (*Moran v. Ross, supra.*) Its language is plain, and so far as it requires the payment of compensation "irrespective of any benefit from any improvement proposed by such corporation," it is carefully limited to "corporations other than municipal."

Counsel for respondent contends that such a construction of the constitution and statutes would render the provision in the constitution absurd, and make one rule of damages for a corporation and another for private individuals. Such may be the effect of these provisions, but if so, it is a matter with which we have nothing to do. We have only to declare the law as it is; not to change it to avoid what may seem to be an absurd or

unjust provision, where it is plain and unambiguous in its terms.

*Pacific Coast R'y Co.* v. *Porter*, 74 Cal. 261, relied upon by counsel for appellant, is not in point, as the party seeking to condemn there was a private corporation, and strictly within the terms of the constitution.

The court below should have allowed the deduction of the benefits found, as against the damages resulting to the lands of the defendant not taken.

Judgment reversed, with instructions to the court below to modify the same in accordance with this opinion.

McFARLAND, J., PATERSON, J., THORNTON, J., and SHARPSTEIN, J., concurred.

BEATTY, C. J., concurring.—I concurred in the opinion of the court in the case of *Moran* v. *Ross*, 79 Cal. 159, wherein it was held that under our statutes natural persons may condemn lands for railroad purposes, but subsequently, on consideration of the petition for rehearing, I became so doubtful of the soundness of that conclusion as to think the question at least deserving of reargument and further consideration. The result to which the doctrine of that case leads—as illustrated in this case, viz., that there is one rule of damages for private individuals and another rule for corporations when they seek to condemn lands for the same purpose—deepens my conviction that the correctness of our former decision is open to serious question. If, however, we were right in that decision, and, whether right or wrong, so long as we adhere to it, the conclusion reached by Mr. Justice Works in the foregoing opinion seems to be inevitable.