[S. F. No. 1450.    Department One.—December 12, 1900.]

COUNTY OF SAN MATEO, Respondent, v. LOREN CO-
BURN, Appellant.

| 130 | 631 |
| 134 | 625 |
| 130 | 631 |
| 144 | 217 |
| 130 | 631 |
| 147 | 26 |

EMINENT DOMAIN — PUBLIC USE—JUDICIAL QUESTIONS.—The question whether the uses for which property is sought to be taken, in the exercise of eminent domain, are in fact public is a judicial question, to be determined by the court; and if it can be shown that the end sought is solely for private purposes, condemnation must be denied.

ID.—HIGHWAY A PUBLIC USE—BURDEN OF PROOF.—A highway or public road is *prima facie* a public use, for which land may be condemned; and if it would be claimed otherwise in any particular case, or that the road is in fact for private use, the burden of showing such fact rests upon the contestant.

ID.—NECESSITY—INSTRUMENTALITIES—EXTENT OF RIGHT—POLITICAL AND LEGISLATIVE QUESTIONS.—Where the use is in fact public, the necessity or expediency of taking private property therefor, the instrumentalities to be used, and the extent of the right to be delegated are political and legislative questions.

ID.—DEMAND FOR AND LOCATION OF HIGHWAY—EXCLUSIVE JURISDICTION OF SUPERVISORS.—Whether a public highway is demanded in any particular region, as well as its location and extent, are questions referred by the legislature to the board of supervisors; and where the board, by taking proper steps under the law, has acquired jurisdiction to determine those questions, its jurisdiction is exclusive, and its determination is not subject to collateral attack or to review by the courts.

ID.—DAMAGE TO LAND NOT TAKEN—DEDUCTION FOR BENEFITS—ACTION BY COUNTY.—In an action by a county to condemn private property for a public highway, damages to the land not taken must be allowed without any deduction for benefits to such land by the opening of the road.

ID.—COMPENSATION IRRESPECTIVE OF BENEFIT—CONSTRUCTION OF CONSTITUTION—COUNTY NOT A "MUNICIPAL CORPORATION."—A county is a governmental agency or a political subdivision of the state, and if it be a corporation, it is a political corporation, and is not a "municipal corporation" within the meaning of section 14 of article I of the constitution, which declares that "no right of way shall be appropriated to the use of any corporation other than municipal, until full compensation therefor be first made in money, or ascertained and paid into court, for the owner, irrespective of any benefit from any improvement proposed by such corporation."

ID.—ERRONEOUS JUDGMENT— ORDER FOR POSSESSION—REVERSAL UPON APPEAL.—Where the final judgment for damages must be reversed for error in not allowing sufficient compensation, an order for possession of the property sought to be condemned resting upon the erroneous judgment must also be reversed.

APPEAL from a judgment of the Superior Court of San Mateo County, from an order denying a new trial, and from an order authorizing possession. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Joseph H. Skirm, for Appellant.

Henry W. Walker, District Attorney, and George C. Ross, for Respondent.

HARRISON, J.—The plaintiff seeks to acquire by condemnation a right of way over certain lands of the defendant for a public road. It is shown by the complaint that a sufficient petition for laying out a public road was presented to the board of supervisors of the plaintiff, and that viewers were thereupon appointed, and that their report was afterward ap-

proved by the board, and the amount of damage that would be sustained by the defendant was ascertained and declared and by order awarded to him; that the amount so awarded was set apart for him in the county treasury and notice thereof given to him, and that he did not accept the same within ten days thereafter; that thereupon the board of supervisors by an order directed that proceedings be instituted by the district attorney to procure the right of way under the provisions of the Code of Civil Procedure. The defendant in his answer denied the necessity of a right of way over his lands for any public use, or that the laying out or opening of a public road on said lands is a public necessity, and in addition thereto, claimed that he would sustain damage much greater in amount than had been awarded by the supervisors. The cause was tried by the court and findings made in accordance with the allegations of the complaint, and that the value of the land taken for the road and the improvements thereon was eight hundred dollars. The court also found that the benefits which the defendant would receive from the opening of the road would be equal to the damage occasioned thereby to his remaining land. Judgment was thereupon entered in favor of the defendant for eight hundred dollars, and for the condemnation of a right of way over his lands as set forth in the complaint. The plaintiff paid into court for the use of the defendant the amount of the judgment, and the court thereupon entered its judgment of final condemnation of said land for the purposes of a public highway. Defendant gave notice of a motion for a new trial, and while said motion was pending the court, upon motion of the plaintiff, made an order that, upon the payment into court of a further sum of money as a fund to compensate the defendant, the plaintiff might take possession and use the land so condemned until the final adjudication of the controversy. The defendant's motion for a new trial was denied, and he has appealed from this order and also from the decree of confirmation, and from the order permitting the plaintiff to enter into possession of the land.

At the trial, when the plaintiff rested its case, the defendant moved to dismiss the proceeding upon the ground that no evidence had been offered tending to show that the use

for which the condemnation of his land was sought was a public use. The court denied this motion, and afterward excluded evidence of that character offered by the defendant, and ruled that the only issue to be tried was the value of the lands to be condemned. These rulings are now assigned as error.

1. The right of the state to appropriate private property for public use is an element of sovereignty, and in section 14 of article I of the constitution the people of this state have limited this right by declaring the conditions upon which alone it may be exercised. It is the function of the legislative department to determine, in the first instance, what shall constitute a public use, and whether any private property shall be taken for such use, as well as the extent to which such property may be taken, and in section 1237 et seq. of the Code of Civil Procedure, the legislature has enumerated certain public uses for which the state may exercise its eminent domain, as well as the manner and extent of its exercise for those uses. It is not to be held, however, that the mere declaration by the legislature that the object for which private property may be taken is a public use will preclude the owner from contesting the right to deprive him of his property. If it is sought to condemn the property for a use which is evidently private, or to accomplish some purpose which is not of a public character, courts will disregard the legislative declaration that such use is public. The declaration by the legislature is entitled to great consideration, and if the purpose for which the condemnation is sought is clearly for a public use, or one which in ordinary acceptation or experience expresses a public use, it will be conclusive upon the judiciary (*Stockton etc. R. R. Co. v. Stockton*, 41 Cal. 175); but, if it is clear that it is for a private purpose, the legislative declaration will be of no avail. (*Consolidated Channel Co. v. Central Pac. R. R. Co.*, 51 Cal. 269.) So, too, if it can be shown by extrinsic evidence that the end sought to be accomplished is not of a public character, but is solely for private purposes, the condemnation will be denied as being in excess of the legislative power. (*Matter of Niagara Falls etc. Ry. Co.*, 108 N. Y. 375.) As was said by the court in this case: "It is difficult to make an exact definition of a public use. It is easier to define it by negation than by affirmation"; and in another

portion of the same opinion: "The general principle is now well settled that when the uses are in fact public, the necessity or expediency of taking private property for such uses by the exercise of the power of eminent domain, the instrumentalities to be used, and the extent to which such right shall be delegated, are questions appertaining to the political and legislative branches of the. government, while, on the other hand, the question whether the uses are in fact public, so as to justify the taking *in invitum* of private property therefor, is a judicial question to be determined by the courts." (See, also, Lewis on Eminent Domain, sec. 158.)

There is no room in the present case for any question as to the character of the use for which the condemnation of the land is sought. It needs no argument to show that a highway or public road is a public use. (See Lewis on Eminent Domain, sec. 166.) If it would be claimed otherwise in any particular case, or that the road is in fact for a private use, the burden of showing such fact rests upon the contestant.

Whether a public highway is demanded in any particular region, as well as its location and extent, are also matters of a political or legislative character. (*Wulzen v. Board of Supervisors,* 101 Cal. 15[1]; *County of Siskiyou v. Gamlich,* 110 Cal. 94; Lewis on Eminent Domain, secs. 238, 239.) In the Political Code of this state, sections 2681 et seq., the legislature has established a tribunal for determining these questions, and has provided for notice to all persons interested therein, and given them an opportunity to be heard. If this tribunal proceeds in accordance with the provisions of these sections, it acquired jurisdiction to determine these questions, and its determination is not subject to collateral attack. In a proceeding thereafter by the public to condemn a right of way for this public road, the court is not authorized to review the action of the board of supervisors in determining these questions. The provision in section 2690 of the Political Code, that the suit for condemnation "shall be determined by the court or jury in accordance with the rights of the respective parties, as shown in court independent of said proceedings before said board," is not to be construed as au-

---

[1] 40 Am. St. Rep. 17.

thorizing the court to review the determination of the board of supervisors as to the proper location of the highway, or the propriety or necessity of establishing it. The clause is not without ambiguity, but full effect is given to its provisions by holding that after the suit for condemnation has been brought, the court, in determining the rights of the parties thereto, shall disregard any "informalities" which may have occurred in the proceedings before the board. If it had been the intention of the legislature to establish a different rule upon this subject from that which had previously existed, it is reasonable to suppose that it would have expressed such intention distinctly and in unambiguous terms.

2. The court, however, erred in failing to determine the amount of damages that the opening of the road would cause to the lands of the defendant not taken for the road. The defendant testified that damage would be caused to the remainder of his lands by such opening, and the finding of the court that the benefits which the other portion of his lands would receive from the opening of the road are equal to the damages occasioned by its severance, implies that some damage would be caused thereby. The constitution, article I, section 14, declares that "no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner irrespective of any benefit from any improvement proposed by such corporation." It is unnecessary to determine whether a county is a "corporation" within the meaning of this clause, since, if this be conceded, it is a corporation "other than municipal." A county is a governmental agency or political subdivision of the state, organized for purposes of exercising some functions of the state government, whereas a muncipal corporation is an incorporation of the inhabitants of a specified region for purposes of local government. It was held in *People v. McFadden,* 81 Cal. 489,[2] that under the constitution of this state a county is not a municipal corporation, but, if it may be regarded as a corporation at all, it is but a "political corporation." (See, also, *People v. Sacramento County,* 45 Cal.

---

[2] 15 Am. St. Rep. 66.

692; *State v. Leffingwell,* 54 Mo. 458; *Sharp v. Contra Costa County,* 34 Cal. 284; *Askew v. Hale County,* 54 Ala. 639[3]; *Hamilton County v. Mighels,* 7 Ohio St. 109; *Woods v. Colfax County,* 10 Neb. 552; *Stermer v. La Plata County,* 5 Colo. App. 379; Dillon on Municipal Corporations, sec. 22.)

3. As the error of the court in determining the amount of damages necessitates a reversal of the judgment, the order permitting the plaintiff to take possession of the land sought to be condemned must also be reversed. A final decree of condemnation can be made only after full compensation has been made to the owner, or ascertained and paid into court for him, and, as the order for possession pending the appeal must have this final decree for its foundation, it must fall with the reversal of the decree.

The judgments and the orders appealed from are reversed.

Garoutte, J., and Van Dyke, concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 12th of January, 1901:

BEATTY, C. J.—I dissent from the order denying a rehearing. A county, within the meaning of section 14 of article I of the constitution, is either a municipal corporation or it is not a corporation at all, and in either case it is entitled in condemning a right of way to set off benefits against damages. (*Moran v. Ross,* 79 Cal. 159; *Moran v. Ross,* 79 Cal. 549.) In my opinion, a county is a municipal corporation within the meaning of this clause of the constitution, and the decision in *People v. McFadden,* 81 Cal. 489,[4] that it is not a municipal corporation, within the meaning of another provision (i. e., the prohibition of the creation of municipal corporations by special laws), is not inconsistent with this view. The term "municipal corporation" has a broad sense and a restricted sense, and it is used in these different senses in the two clauses of the constitution. In one it comprehends counties and in the other it does not.

---

[3] 25 Am. Rep. 730.         [4] 15 Am. St. Rep. 66.