[Civ. No. 2058.   Third Appellate District.—November 3, 1919.]

## CHANNAN SINGH, Petitioner, v. SUPERIOR COURT OF GLENN COUNTY et al., Respondents.

[1] PUBLIC OFFICERS—DISTRICT ATTORNEY—STATE OFFICER.—While a district attorney is a county officer in the sense that the exercise of his powers as such is limited territorially to the county for which he has been elected, considering the nature and purposes of county governments, he is a state officer, or, perhaps it would be more correct to say, a part of a political organization which is itself an agent of the state.

[2] ID.—CIVIL EXECUTIVE OFFICER.—A district attorney is a civil executive officer, and not a judicial officer.

[3] ID.—EXECUTIVE OFFICER OF STATE—CONSTRUCTION OF SECTION 67, PENAL CODE.—A district attorney is an "executive officer of this state" within the contemplation of section 67 of the Penal Code, which makes it a felony to give or offer any bribe to any executive officer of this state, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer.

[4] STATUTORY CONSTRUCTION — CONSIDERATION OF CONSEQUENCES.— Where the language of a statute is, upon its face, ambiguous, or its meaning likewise uncertain or obscure, the consequences of a particular construction or interpretation of such statute may be taken into consideration. The courts are not compelled to give to a statute a meaning which would lead to absurd consequences.

PROCEEDING in Prohibition to restrain and prohibit the Superior Court of Glenn County and William M. Finch, Judge thereof, from hearing, proceeding with and deciding any matter in connection with a certain indictment. Dismissed.

The facts are stated in the opinion of the court.

W. T. Belieu and Arthur C. Huston for Petitioner.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondents.

HART, J.—The petition asked for a writ of prohibition restraining and prohibiting respondents from hearing, proceeding with, and deciding any matter in relation to a cer-

tain indictment returned by the grand jury of Glenn County against petitioner.

The charging part of said indictment reads as follows: "The said Channan Singh . . . did then and there willfully, unlawfully and feloniously and corruptly, offer and give a bribe, to wit: Five hundred dollars, in currency, lawful money of the United States, to one H. W. McGowan, who was then and there, and on the 6th day of Jan., 1919, and ever since said time has been and now is, an executive officer of the state of California, to wit, the duly elected, qualified and acting district attorney of the county of Glenn, state of California, with the intent then and there willfully, unlawfully, feloniously and corruptly to influence the act, vote, decision and opinion of the said H. W. McGowan, as such officer, in respect to the prosecution of a certain action entitled *The People of the State of California* v. *Santa Singh, Mit Singh and Ishar Singh,* on the charge of the crime of assault with a deadly weapon with the intent to commit murder, . . . then and there . . . pending in the superior court of the county of Glenn, state of California, contrary,'' etc.

The indictment herein assailed is based on section 67 of the Penal Code, which reads: "Every person who gives or offers any bribe to any executive officer of this state, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer is punishable by imprisonment in the state prison not less than one nor more than fourteen years, and is disqualified from holding any office in this state."

The contention of the petitioner is that a district attorney is neither an executive officer nor an officer of the state.

Waiving consideration of the question, which, under some of the decisions in this state, might arise here, whether the petitioner has available to him for the relief he seeks by this proceeding a plain and an adequate remedy in the ordinary course of law, the real ground of his objection to the indictment being that that document does not state a public offense under any known law of this state, we will proceed to consider the merits of the contention advanced by him.

[1] It may first be conceded that a district attorney is a county officer in at least a geographic sense—that is to say, that the exercise of his powers as such is limited terri-

torially to the county for which he has been elected. But, considering the nature and purposes of county governments, he is also in a sense a state officer, or, perhaps it would be more correct to say, a part of a political organization which is itself an agent of the state. The authorities are quite uniform upon the proposition that all the powers and functions of a county government organization have direct and exclusive reference to the general policy of the state, and are, in fact, but a branch of the general administration of that policy. (Dillon on Municipal Corporations, 5th ed., sec. 35; *People* v. *Sacramento County,* 45 Cal. 692; *People* v. *McFadden,* 81 Cal. 489, 498, [15 Am. St. Rep. 66, 22 Pac. 851]; *County of San Mateo* v. *Coburn,* 130 Cal. 636, [63 Pac. 78, 621]; *Reclamation Dist. No. 1500* v. *Superior Court,* 171 Cal. 672, 679, [154 Pac. 845]; *County of Sacramento* v. *Chambers,* 33 Cal. App. 142, [164 Pac. 613]; *Dillwood* v. *Riecks,* 42 Cal. App. 602, [184 Pac. 35].) The more important duties of a district attorney are the prosecution of criminal cases, which are prosecuted, not in the name of the county or the people of the county, but in the name of the people of the state. The legislature, in section 771 of the Penal Code, seems to have proceeded upon the theory that the district attorney, in exercising his powers as such, acts for the state. That section provides that when an accusation is presented by the grand jury of a county against the district attorney, the judge of the superior court in and for the county in which such accusation is presented must, upon the delivery of the accusation to him, "appoint someone to act as prosecuting officer in the matter, or *place the accusation in the hands of the district attorney of an adjoining county and require him to conduct the proceedings.*" This language is mandatory, and if the judge should elect to order a district attorney of an adjoining county to prosecute the accusation, that officer would be compelled to perform that duty. Hence, it is clear that the theory of that provision of section 771 is that, in the performance of the duties imposed upon that officer by law, a district attorney acts for the state within the territorial limits of the county for which he was elected; for it is hardly supposable that, if that was not the theory of said provision, the legislature would have authorized the imposition upon an official in one county the performance of duties appertaining to

his office in another county. But this discussion, in view of the conclusion at which we have arrived upon points the decision of which is decisive of this case, may well be regarded as unnecessary or academic.

[2] As above stated, the petitioner contends that a district attorney is not an executive but a judicial officer, hence that officer does not come within the class of officers mentioned in section 67 of the Penal Code, the bribing of or offering to bribe whom is by said section made a public offense. There are some decisions in other jurisdictions which say that a district attorney is a judicial officer. We cannot assent to that proposition, so far as this state is concerned. In the first place, it is to be stated that the legislature in general language contained in section 343 of the Political Code designates a district attorney as a ''civil executive officer.'' In the second place, we remark that we cannot conceive of any duty among those imposed by law on a district attorney which is of a judicial nature, except perhaps the duty of giving legal opinions to other county officers with respect to their official duties, which, strictly speaking, is not judicial, for, when performing such a duty, he does no more than the lawyer engaged in private practice does when advising his clients. The attorney-general of the state is required to advise the several other state executive and administrative officers with regard to their respective duties, but he is also designated by said section 343 of the Political Code as a ''civil executive officer.''

[3] Section 67 of the Penal Code, it will be noted, provides that ''every person who gives or offers any bribe to *any executive officer of this state,*'' etc., and the argument is that the language italicized was intended to be understood as being synonymous with the phrase, ''state officer.'' That position cannot, in our opinion, be sustained. We think what the legislature intended to say in section 67 was that ''every person who gives or offers any bribe to any executive officer *in* this state,'' etc. This construction is strengthened by the consideration that there is no other section in the Penal Code which makes it a crime to give or offer a bribe to an executive officer, either county or state, for the purpose of corruptly influencing his official action than section 67, and we shall not commit ourselves to the belief, in the absence of more persuasive reasons than those

which learned counsel have been able to present here, that the legislature has either intentionally or inadvertently omitted to pass a law authorizing the punishment of a person for corrupting or attempting to corrupt a county executive officer. And if the legislature had intended to limit the application of section 67 to state officers, it would have been a very easy matter for it to have given apt and unambiguous expression of such intention. It would have undoubtedly said if such had been its purpose, "any state executive officer," in the place of "any executive officer of this state."

[4] It is a familiar rule of statutory construction that where the language of a statute is, upon its face, ambiguous, or its meaning likewise uncertain or obscure, the consequences of a particular construction or interpretation of such statute may be taken into consideration. If the construction of section 67 of the Penal Code contended for by petitioner were to be adopted, the result would be that no punishment could be inflicted upon a person for giving or offering a bribe to a county executive officer. The language of said section, as is plainly manifest, does not make it clear that the legislature intended to restrict the operation of the section to state officers. While it may be conceded that, without consideration of the consequences following from such a construction of the section, it might with some show of reason be held that the legislature intended the section to be so restricted, it can, likewise viewed, reasonably be held to be the legislative intent at the bottom of the section to include within the purview of its provisions any executive officer in this state, whether state, county, or municipal. Under this view of the section, we are not compelled to give to it a meaning which would lead to absurd consequences.

We have carefully examined the very able brief of counsel for petitioner and the authorities cited therein in support of their several contentions here. We have found nothing in the cases or other authorities cited which have tended to lead us from the conclusion herein arrived at.

The alternative writ is discharged and this proceeding dismissed.

Ellison, P. J., *pro tem.,* and Burnett, J., concurred.