[Crim. No. 5105.   Second Dist., Div. One.   Mar. 23, 1954.]

THE PEOPLE, Respondent, v. MALCOLM METRY
MATHEWS, Appellant.

Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl,
Deputy Attorney General, for Respondent.

THE COURT.—This is an appeal from the judgment and
from the order denying a motion for a new trial.

The information alleged that defendant offered and gave
a "bribe to S. A. Nelson, who was then and there an executive
officer of the State of California, to wit, a police officer of the
City of Los Angeles, County of Los Angeles, State of Califor-
nia, with the intent," etc.

The offense involved the offer by defendant of $35 to the
officer when defendant was arrested for selling a pint of
whiskey in violation of the law.

The appeal presents but one issue.

It is contended by appellant that, "Failure to prove
bribery of an executive officer of the State of California fails
to prove any cause of action under Section 67, Penal Code,
therefore, defendant should be restored to his liberty and judg-
ment vacated."   In this connection appellant argues that,
"The evidence indisputably shows and the Court must take
judicial notice, that the City of Los Angeles was at all times

herein material, a chartered freehold city, organized and existing under municipal home rule under provisions of Article XI, Section 8½ of the Constitution of the State of California, and, that said officer to whom defendant and appellant is alleged to have offered a bribe was in fact an officer of said City of Los Angeles and not an executive officer or any other officer of the State of California.

"Section 67 of Penal Code particularizes an 'executive officer *of* this state,' this definition is clear and unequivocal. Section 7, subdivision 16 of Penal Code correctly guides the interpretation of the above phrase in that it must be construed according to context." (Italics included.)

Section 67 of the Penal Code reads as follows:

"Every person who gives or offers any bribe to any *executive officer of this state*, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer is punishable by imprisonment in the state prison not less than one nor more than fourteen years, and is disqualified from holding any office in this state." (Italics included.)

Respondent's argument to the contrary cites *People* v. *Finkelstin*, 98 Cal.App.2d 545 [220 P.2d 934], which relates to the Chief of Police of Oxnard, California, as the person to be bribed; and *Singh* v. *Superior Court*, 44 Cal.App. 64 [185 P. 985], which relates to the District Attorney of Glenn County, as the official to whom the bribe was offered. Respondent argues further that, "Prior to its amendment in 1933, Section 68 of the Penal Code read as follows:

" 'Every executive officer or person elected or appointed to an executive office, who asks, receives, or agrees to receive, any bribe, . . .' *People* v. *Lips*, 59 Cal.App. 381, 385 [211 P. 22], applied that section to a deputy sheriff, and *People* v. *Markham*, 64 Cal. 157 [30 P. 620, 49 Am.Rep. 700], applied it to a police officer."

In the Singh case, *supra*, at page 67, the court comments as follows: ". . . We think what the legislature intended to say in section 67 was that 'every person who gives or offers any bribe to any executive officer *in* this state,' etc. This construction is strengthened by the consideration that there is no other section in the Penal Code which makes it a crime to give or offer a bribe to an executive officer, either county or state, for the purpose of corruptly influencing his official action than section 67, and we shall not commit ourselves to the belief, in the absence of more persuasive reasons than those which learned

counsel have been able to present here, that the legislature has either intentionally or inadvertently omitted to pass a law authorizing the punishment of a person for corrupting or attempting to corrupt a county executive officer. And if the legislature had intended to limit the application of section 67 to state officers, it would have been a very easy matter for it to have given apt and unambiguous expression of such intention. It would have undoubtedly said if such had been its purpose, 'any state executive officer,' in the place of 'any executive officer of this state.' ''

On the other hand appellant argues that, ''The amendment of the Penal Code, Section 817, clearly defines municipal peace officers, and, as the City of Los Angeles is under a municipal freeholders charter, such persons are not executive officers of the state, and an attempted bribery of such person was not that class of person embraced within the statute.

''.  . . . . . . . . . . .

''The decisions as to just who are and who are not executive officers have been clarified by the amendment in 1953 of the Statutes of California as to section 817, Penal Code, where municipal police officers are stated to be peace officers.

''The trial court's holding plain clothes policemen employed by city were state executive officers in view of the terms of section 817 Penal Code and the Los Angeles freeholders charter under which the officers were employed was a denial of liberty to the defendant in violation of his rights vouchsafe to him under the XIV Amendment of the United States Constitution and Art. I, Sec. 3, and 13 of the Constitution of the State of California.

''In *Commonwealth* v. *Dowe*, 315 Mass. 217 [52 N.E.2d 406], a definition of who is an 'executive officer' is .clearly stated, thusly:

'' 'We think that the words 'executive officer' in the statute refer to an officer of the executive branch of the State Government, and not to a municipal officer having executive duties.' ''

In this connection it is further argued that,

''Municipal policemen are not executive officers but municipal employees:

''In *2 Cal.Jur.(2) 64*, it is said at Section 32:

'' 'A ministerial act has been defined as one which a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or im-

propriety of the act to be performed, when a given state of facts exists.' "

In *Singh* v. *Superior Court, supra,* the court held that the crime here charged is committed when the accused offers a bribe to any executive officer in this state, while in *People* v. *Finkelstin, supra,* it was held that a police officer is an executive officer because his duties of law enforcement are executive in character.

From the foregoing it follows that the judgment and the order denying defendant's motion for a new trial should be affirmed. It is so ordered.

DORAN, J.—I dissent.

The opinion in the Singh case, by changing the preposition "of" to "in," is judicial legislation.

Although in the Finkelstin case the Supreme Court denied a petition for a hearing, that is not conclusive. The case is not in point. In my opinion, inasmuch as the city of Los Angeles is a chartered city, the police officer is not an "executive officer of this state" within the meaning of the section of the code relied upon by respondent. A police officer of the city of Los Angeles is a civil service employee and is in fact and in law an "employee" within the meaning and application of section 67½ of the Penal Code. The reason for the two sections is obvious.

I would therefore reverse the judgment.

A petition for a rehearing was denied April 5, 1954, and appellant's petition for a hearing by the Supreme Court was denied April 22, 1954. Carter, J., Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.