[Crim. No. 14351.   Second Dist., Div. One.   June 27, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND REY PACHECO, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Larry Ball, Deputy Attorney General, for Plaintiff and Appellant.

LILLIE, J.—Defendant was charged with the unlawful use of force and violence on a peace officer (§ 242, Pen. Code) and

attempting by means of threats and violence to prevent R. H. Studdard, who was an executive officer, from performing duties imposed upon him by law and, by the use of force and violence, resisting him in the performance of his duties (§ 69, Pen. Code). The cause was submitted to the trial judge on the transcript of the testimony taken at the preliminary hearing. Defendant was found not guilty on the first count and guilty of a violation of section 69, Penal Code, as alleged in the second. After examination under section 5504, Welfare and Institutions Code, defendant was found by the court to be ''a mentally disordered sex offender,'' and committed for diagnosis for a period not to exceed 90 days. From this order of commitment defendant filed notice of appeal. Four months later the trial court set aside the commitment order on the ground that the proceedings failed to comply with section 5500, Welfare and Institutions Code, and ordered a new hearing. Defendant waived a jury and the trial court found defendant not to be a mentally disordered sex offender; criminal proceedings were reinstated and he was sentenced to the state prison. Defendant appeals from the judgment. The appeal from the order is dismissed.

Around 6 p.m. on November 16, 1966, Mrs. Romero heard her daughter Amy, age 12, scream for help; she ran out and saw defendant ''pulling on'' Amy's waist. When defendant saw her he released Amy but Mrs. Romero ran toward him and began hitting him; one Hernandez tried to pull defendant away from her but defendant tore her dress. She saw a passing motorcycle officer, stopped him and told him that a man had struck her several times and was at the rear of the building. Officer Studdard noted that Mrs. Romero's dress was torn; he followed her to the rear and ascended an outside flight of stairs; as they reached the top defendant stepped out with his fist doubled up as if to strike Mrs. Romero. Officer Studdard stepped between them and told defendant to turn around but he said something, refused to do so and doubled up both fists; thinking defendant might hit him, the officer attempted to turn him around; defendant began hitting in the officer's direction and a scuffle ensued. The officer told Hernandez who was standing near to turn around but Hernandez reached into his pocket; afraid that Hernandez might have a weapon, Officer Studdard with one hand held his pointed gun on Hernandez while trying to hold defendant with the other. During this time defendant was struggling and trying to hit the officer and did so four or five times. About five or six

minutes later a police radio car arrived and two police officers came to Officer Studdard's assistance. Defendant lunged forward as if he were attempting to run down the stairs. While they were handcuffing him, defendant spit at Officer Studdard's face making it difficult for him to see; after he was handcuffed, as Officer LaVorin turned to proceed down the stairs, defendant lunged at him knocking his feet from under him causing him to fall and sustain injuries.

No defense was offered.

■ Appellant's sole contention is that section 69, Penal Code,[1] is so vague that it violates the due process clause of the Fourteenth Amendment. He argues that section 69 does not define "executive officer," thus it is impossible for one to determine if he is doing an act which is proscribed by that section and impossible for one to determine if the person he is using force and violence against is an executive officer. This same argument was advanced in *People* v. *Buice*, 230 Cal.App. 2d 324 [40 Cal.Rptr. 877], and rejected by the court therein. In the instant case it should be noted that Officer Studdard, a motorcycle officer, was in the uniform of the Los Angeles Police Department at the time the offense was committed. There can be no question under the evidence about defendant's knowledge at the time he attacked Studdard that Studdard was a police officer.

Section 69, Penal Code, is contained in title V entitled "OF CRIMES BY AND AGAINST THE EXECUTIVE POWER OF THE STATE." Title V includes sections 65 through 77, Penal Code. The term "executive officer" as used in section 67, Penal Code (bribery) has long been held to include police officers. (*People* v. *Finkelstin*, 98 Cal.App.2d 545, 558 [220 P.2d 934] [chief of police]; *People* v. *Mathews*, 124 Cal.App.2d 67, 70 [268 P.2d 29] [Los Angeles police officer].) ". . . in *People* v. *Finkelstin*, *supra*, it was held that a police officer is an executive officer because his duties of law enforcement are executive in character." (*People* v. *Mathews*, 124 Cal.App.2d 67, 70 [268 P.2d 29].) *Mathews* was relied upon by the court in *People* v. *Buice*, 230 Cal.App.2d 324 [40 Cal.Rptr. 877], in holding that "executive officer" as used in section 69, Penal Code, includes a Los Angeles police officer.

---

[1]Section 69, Penal Code, provides: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable. . . ."

In *People* v. *Buice* defendants were convicted on numerous counts of using force and violence against various Los Angeles police officers; the first count charged fourteen defendants with a violation of section 69, Penal Code, in that they " 'did knowingly resist, by the use of force and violence, executive officers in the performance of said officers' duties.' " (P. 333.) Appellants attacked section 69 as not being applicable but the court held that "the term 'executive officer' has long been held to include police officers. (See *People* v. *Markham* (1883) 64 Cal. 157 [30 P. 620, 49 Am.Rep. 700] ; *Harris* v. *Superior Court* (1921) 51 Cal.App. 15 [196 P. 895] ; *People* v. *Mathews* (1954) 124 Cal.App.2d 67 [268 P.2d 29].) " (pp. 335-336) ; and "section 69 is designed to protect a police officer (who is an executive officer) against violent interference with the performance of his duties, . . ." (P. 336.) Appellants also attacked the constitutionality of section 69, Penal Code, for vagueness. They contended that since "executive officer" standing alone is not definitive, a man of ordinary prudence and understanding may be left to hazard a guess as to the statutory meaning or the trial court may be left to surmise as to whether the conduct of the accused is interdicted. Holding that the statute is reasonably certain and in accord with the apparent purpose and intention of the Legislature, the court said at page 336: "Generally, the meaning of a statute must be definite and certain for it to be valid, and this is particularly true of penal statutes defining offenses or prohibiting certain conduct. This is so in order to inform those subject thereto what is required of them. (*Lockheed Aircraft Corp.* v. *Superior Court* (1946) 28 Cal.2d 481 [171 P.2d 21, 166 A.L.R. 701] ; *Pacific Coast Dairy* v. *Police Court* (1932) 214 Cal. 668 [8 P.2d 140, 80 A.L.R. 1217].) By the same token, however, all that is required pertaining to certainty is that the statute be reasonably certain and in accordance with the apparent purpose and intention of the Legislature. (*County of Alameda* v. *Kuchel* (1948) 32 Cal.2d 193 [195 P.2d 17].)

"As pointed out heretofore, the term 'executive officer' has long been interpreted as including local police officers. In addition, we can see no ambiguity insofar as appellants are concerned. If there be any ambiguity in the section (and we do not imply that there is) it relates to the inclusion or exclusion of executive officers of entities other than the state. Since the police officers herein involved clearly were within the group protected by the statute, these appellants cannot be

heard to urge that they do not know how many other kinds of executives might also be protected.'' (Pp. 336-337.)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.